UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER DITTMER #254675,

                Plaintiff,                    Case No. 20-CV-12147

v.

                                            Honorable Thomas L. Ludington

CORIZON HEALTH, INC., et al.,

                Defendants.
_____/

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER BARRING PLAINTIFF'S DEPOSITION**

On August 11, 2020, Plaintiff Christopher Dittmer, a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), filed a complaint against Defendants Corizon Health, Inc., Warden John Christensen, and numerous Corizon and MDOC employees. ECF No. 1. Plaintiff alleges that Defendants' failure to render adequate medical care caused him to develop terminal cancer. *Id.* Plaintiff seeks compensatory and punitive damages under 42 U.S.C. § 1983 for violations of his Fourth and Eighth Amendment rights. *Id.* On September 8, 2020, Defendants John Christiansen, Richard Russell, Jeanne Bitner, Stanley Kingsley, Barbara Hessbrook, and Patricia Lamb (collectively, the "MDOC Defendants") filed a motion to dismiss which was later granted. ECF Nos. 6, 11. Shortly thereafter, Defendants Corizon Health, Inc. ("Corizon"), Keith Papendick, Jeffrey Bomber, Jordan Block, Susan Wilson (collectively, the "Corizon Defendants") moved for summary judgment on the defense of exhaustion or, alternatively, to dismiss. ECF No. 12. That motion remains pending. On January 20, 2021, the Corizon Defendants filed an emergency motion for a protective order barring the deposition of Mr. Dittmer. ECF No. 18. For reasons explained below, the Emergency Motion will be denied.

### I.

On January 19, 2021, Plaintiff's counsel noticed a *de bene esse* deposition of Mr. Dittmer, which is currently scheduled for Friday, January 22, 2021. ECF No. 18-5. Earlier on January 19, Plaintiff's counsel informed defense counsel by email that Mr. Dittmer was being placed in hospice care and an immediate deposition was necessary to preserve his testimony for trial. ECF No. 18-4 at PageID.359. Defense counsel objected that they had not yet received Mr. Dittmer's medical records and therefore could not meaningfully cross-examine him. *Id.* at PageID.358. Plaintiff's counsel suggested that Mr. Dittmer could be re-deposed after the records were exchanged but maintained that the January 22, 2021 deposition was necessary to preserve his testimony. *Id.* at PageID.357. Consequently, the Corizon Defendants filed the Emergency Motion for a Protective Order.

### II.

The Corizon Defendants' primary complaint is that the swift deposition of Mr. Dittmer would amount to an "ambush" that the liberal rules of discovery were designed to prevent. *See* ECF No. 18 at PageID.332. They emphasize that the parties completed their Rule 26(f) conference on January 4, 2021 and that Plaintiff's counsel did not raise the issue of Mr. Dittmer's health.[1] *Id.* at PageID.330–31. Accordingly, the Corizon Defendants argue that proceeding with the deposition would "permit inequitable advantages to Plaintiff" and ask this Court to enter a Rule 26 protective order barring Mr. Dittmer's deposition until defense counsel has had adequate time to review his medical records—at least 30 days. *Id.* at PageID.334–35.

---

[1] The Complaint, however, clearly indicated that Mr. Dittmer was terminally ill and that doctors had given him a poor prognosis. *See* ECF No. 1 at PageID.20. Additionally, the emails attached to the Emergency Motion suggest that Plaintiff's counsel first learned about Mr. Dittmer's urgent condition on January 19, 2021—long after the Rule 26(f) conference on January 4. *See* ECF No. 18-4 at PageID.359.

The Corizon Defendants have not demonstrated good cause for delaying the deposition. *See Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (holding that district court prohibit deposition of individual under Fed. R. Civ. P. 26(c)(1)(A) upon a showing of good cause). It is undisputed that Mr. Dittmer is terminally ill and awaiting imminent transfer to hospice care. Under these circumstances, delaying Mr. Dittmer's deposition would risk severe prejudice to his case; namely, the loss of irreplaceable testimony. On balance, this risk of prejudice outweighs the Corizon Defendants' concern that their cross-examination will be less effective than it could be with more time to prepare.

Nonetheless, this Court is sensitive to concerns of a "trial by ambush" and therefore encourages the parties to exchange all necessary documents forthwith. If the Corizon Defendants are not capable of meaningfully cross-examining Mr. Dittmer—and cannot re-depose him at a later date—then the admissibility of his testimony can be considered in due time. For now, the deposition of Mr. Dittmer should proceed as scheduled and in good faith.

### III.

Accordingly, it is **ORDERED** that the Corizon Defendants' Emergency Motion for a Protective Order, ECF No. 18, is **DENIED**.

Dated: January 21, 2021               s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge